UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

QUANTEZ WILLIS                                                Plaintiff

v.                                                Civil Action No. 3:20-CV-P62-RGJ

LOUISVILLE METRO OF CORR., *et al.*                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Quantez Willis leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He names as Defendants the "Louisville Metro of Corrections"; "L.M.D.C. Department"; and "S.Wood," a corrections officer at "Louisville Metro Correction." Plaintiff does not indicate in what capacity he sues Defendant Wood.

In the complaint, Plaintiff states as follows:

I belive my constitutional rights were violated when I got O.C. sprayed in my face, on Jan-19-2020. . . . S. Wood open my door to my cell to let me use the restroom . . . . The Correction Officer walked off comeing back 10 min later, with two other Correction Officers. For what reason I don't know. S. Wood walked to my cell and tell me to look at the toilet, water was at the top of the rim. I'm standing at cell # 11 when S. Wood comes out of my cell. He say go in your room or put your hands behind your back. I say so you not going to let me use the restroom, ats some bulshit, I started walking back to my cell to go in. befor I made it to my cell O.C. spray was used and I got Choked and Blacked out. Reason of force unknown.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Court construes Plaintiff's claims against Defendants "Louisville Metro of Correction" and "L.M.D.C. Department" to be against LMDC. LMDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are actually against the Louisville Metro Government as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

Plaintiff does not indicate in what capacity he sues Defendant "S. Wood." However, to the extent that Plaintiff sues Defendant Wood in his official-capacity, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, any official-capacity claim against Defendant Wood is actually against the Louisville Metro Government as well.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether

3

the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a policy or custom implemented or endorsed by the Louisville Metro Government.  Thus, the Court will dismiss Plaintiff's claim against the LMDC and his official-capacity claim against Defendant Wood for failure to state a claim upon which relief may be granted.

The Court, however, will allow Plaintiff the opportunity to amend his complaint to sue Defendant "S. Wood." in his individual capacity and to name as Defendants the other two correctional officers who were allegedly involved in the use of excessive force against Plaintiff. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the

Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that **Plaintiff's claim against the LMDC and any official-capacity claim against Defendant Wood are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED to terminate Defendants "Louisville Metro of Correction" and "L.M.D.C. Department" as parties to this action.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he 1) indicates that he is suing Defendant Wood in his individual capacity; 2) names as Defendants the other two correctional officers who were allegedly involved in the use of excessive force against him; 3) sues these correctional officers in their individual capacities; and 4) completes summons forms for Defendant Wood and the other two correctional officers.**[1]

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

---

[1] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption. The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date: February 10, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Wood
    Jefferson County Attorney
A961.011